UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
   Plaintiffs

vs.

THIBAULT CONTROLS, LLC.
   Defendant

and

FLEET BANK,
   Trustee

C.A. No. 04 10282 RGS

MAGISTRATE JUDGE Bowler

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 2-11-04

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185

by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers Health and Welfare Fund, Local 103, I.B.E.W. Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

4. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

5. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

6. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. The Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

7. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. The Electrical Workers' Joint Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

8. Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W. The Electrical Workers' Educational and Cultural Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

9. Plaintiff Anthony J. Salamone is the Administrator of the National Electrical Benefit Fund. The National Electrical Benefit Plan is an "employee pension benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

10. The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred Income, Joint Apprenticeship and Training Fund, and National Electrical Benefit Fund are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

11. Plaintiff Local 103, International Brotherhood of Electrical Workers ("Local 103" or the "Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. Local 103 is administered at 256 Freeport Street, Dorchester, Massachusetts.

12. Defendant Thibault Controls, LLC (hereinafter "Thibault" or "the Employer") is a New Hampshire limited liability corporation with a principal place of business at 39 Eagle Drive Bedford, New Hampshire and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

13. Fleet Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

14. On or about September 4, 2001, defendant Thibault signed a letter of assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. A copy of Thibault's signed agreement ("Letter of Assent") is attached hereto as Exhibit A.

15. Because of the letter of assent, Thibault has been a party to successive collective bargaining agreements, including the agreement which is effective from September 1, 2003 through August 31, 2006 ("the Agreement"). A copy of the relevant portions of the 2000-2003 Agreement is attached hereto as Exhibit B, as the new agreement has not been printed.

16. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

17. Section 4.8 of the Agreement requires employers that become delinquent in their trust fund contributions to furnish employment records and a current list of projects, including the names and addresses of the owner, manager, general contractor and or subcontractor for whom it has worked. Section 6.35(g) of the Agreement further provides that upon request, the parties thereto shall be allowed to examine the employer's payroll records.

18. Section 4.6 of the Agreement provides that the employer will deduct working dues form the pay of union members upon receipt of authorization from such members and remit those dues to the Union.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. According to the Remittance Reports Thibault has submitted to the Funds it employed electricians between July and October, 2003 and owes the Funds $48,846.62 in fringe benefit contributions for the work they performed during this time period. It may also owe contributions for work performed between November, 2003 and the present but has submitted no remittance reports for this time period. Without the remittance reports, the Funds are unable to liquidate Thibault's additional liability, if any.

21. By certified letters dated August 1, September 26 and December 1, 2003 and January 2, 2004, the Funds' attorney notified Thibault of its delinquency for the above-mentioned periods and demanded payment.

22. To date, Thibault has failed and refused to pay the Funds the $48,846.62 in fringe benefit contributions owed through October, 2003 and the as yet unliquidated amount owed for the period November 1, 2003 to the present.

23. The failure of Thibault to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

24. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

25. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA
## DELINQUENT CONTRIBUTIONS

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 above.

27. The failure of Thibault to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of LMRA, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA
## DELINQUENT DUES

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-27 above.

29. On information and belief, Thibault deducted dues from its employees' paychecks for the unreported hours and failed to remit those dues to the Union.

30. Thibault owes the Union $2,649.60 in dues for the period July through October, 2003 and an as yet unliquidated amount of dues for the period November, 2003 to the present.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Thibault held by Fleet Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Thibault;

c. Enter a preliminary and permanent injunction enjoining Thibault from refusing or failing to make contributions to Plaintiff Funds;

d. Enter a preliminary and permanent injunction enjoining Thibault from refusing or failing to provide the payroll and work records as required by the collective bargaining agreement;

e. Enter a preliminary and permanent injunction enjoining Thibault from refusing or failing to remit dues;

f. Enter judgment in favor of the Plaintiff Funds in the amount of $48,846.62 and any additional amounts determined by the Court to be owed by Thibault or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g. Enter judgment in favor of the Plaintiff Union in the amount of $2,649.60 and any additional amount determined by the Court to be owed by Thibault or which may come due during the pendency of this action, and;

  h.  Such further and other relief as this Court deem appropriate.

              Respectfully submitted,

              RUSSELL F. SHEEHAN, as he is
              ADMINISTRATOR, ELECTRICAL
              WORKERS' HEALTH AND WELFARE
              FUND, LOCAL 103, I.B.E.W., et al,

              By their attorneys,

              */s/ Anne R. Sills*
              Anne R. Sills, Esquire
              BBO #546576
              Segal, Roitman & Coleman
              11 Beacon Street
              Suite #500
              Boston, MA 02108
              (617) 742-0208

Dated: February 9, 2004

ARS/ars&ts
3013 03-284/complt.doc