UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br><br>Plaintiffs <br><br>vs. <br><br>THIBAULT CONTROLS, LLC, <br>        Defendant <br><br>and <br><br>FLEET BANK, <br>        Trustee | C.A. No. 04-10282 RGS |

## MEMORANDUM IN SUPPORT OF EX PARTE
## MOTION FOR ATTACHMENT BY TRUSTEE PROCESS

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 246, and Rule 4.2(g) Mass.R.Civ.P., plaintiffs Russell Sheehan, as he is Administrator, et al., are entitled to an *ex parte* prejudgment attachment if they can demonstrate that they are likely to recover judgment in an amount equal to or greater than the amount of the attachment requested and if the defendant is likely to dissipate or transfer the assets. For the reasons stated below, plaintiffs have satisfied the requirements for an Ex Parte Order of Attachment by Trustee Process of the bank accounts of Thibault Controls LLC ("Thibault") currently held by Fleet Bank.

## I. THERE IS A REASONABLE LIKELIHOOD PLAINTIFFS WILL RECOVER JUDGMENT.

Thibault is signatory to a collective bargaining agreement with Local 103, International Brotherhood of Electrical Workers and is bound thereby to contribute to the Local 103, I.B.E.W. Benefit Funds ("the Funds") on behalf of all electricians covered by that agreement. Complaint, Exhibits A and B. It is also bound thereby to deduct dues from the wages of all employees who authorize the deductions and to remit those dues to the Union. Thibault owes the Funds approximately $48,846.62 in unpaid contributions for work it performed during the period July through October, 2003. It also owes the Union $2,649.60 in dues that it deducted from its employees' wages and failed to remit. See Affidavit of Russell Sheehan ("Sheehan Aff."), pars. 3-4. This evidence is sufficient to find that Thibault is liable to the Funds for these unpaid contributions and to the Union for these unpaid dues.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan,

reasonable attorneys' fees and costs and such other legal or equitable action as the Court deems appropriate. Thibault owes the Funds an as yet unliquidated amount of interest on the unpaid contributions and damages. Sheehan Aff., par. 5. Finally, Thibault owes at least $896.50 in attorneys' fees and $171.60 in costs. See Affidavit of Anne R. Sills ("Sills Aff."). This evidence is sufficient to find that Thibault is also liable for interest on the unpaid contributions plus damages and $1,068.10 in attorneys' fees and costs. This total unpaid liability is at least $50,086.32, the amount of the trustee process.

In sum, Thibault owes the Funds unpaid benefit fund contributions for work performed between July and October, 2003, yet it failed to pay any of that amount. There is a reasonable likelihood that plaintiffs will prevail in this action.

## II. THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.

The defendant has failed to respond to the August 1, September 26 and December 1, 2003 demand letters of Fund counsel. See Sills Aff., par. 3. To date, Thibault has failed and refused to pay the Funds any of these unpaid benefit fund contributions and to pay the Union the dues it has taken from its employees' wages. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that defendant will withdraw, conceal and/or dissipate its bank account assets if notified of this Motion.

## III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is inter alia for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of defendant's collective bargaining agreement with Local 103, I.B.E.W. Complaint,

Exhibit A; Certificate Re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs request that this Court allow their Ex Parte Motion for Attachment by Trustee Process.

> Respectfully submitted,
>
> RUSSELL SHEEHAN, as he is
> ADMINISTRATOR, ELECTRICAL
> WORKERS' HEALTH AND WELFARE
> FUND, LOCAL 103, et al,
>
> By their attorneys,
>
> /s/ Anne R. Sills
> Anne R. Sills, Esquire
> BBO #546576
> Segal, Roitman & Coleman
> 11 Beacon Street
> Suite #500
> Boston, MA 02108
> (617) 742-0208

Dated: March 4, 2004

ARS/ars&ts
3013 03-284/memsupexp.doc

4