# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DISTRICT COURT
DISTRICT OF MASS.

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,

Plaintiffs

vs.

THIBAULT CONTROLS, LLC, Defendant

and

FLEET BANK, Trustee

C.A. No. 04-10282 RGS

## AFFIDAVIT OF RUSSELL SHEEHAN

1.    My name is Russell Sheehan. I am the Administrator of the Electrical Workers Employee Benefit Funds, Local 103, I.B.E.W.

2.    Thibault Controls, LLC ("Thibault") has been signatory to successive collective bargaining agreements with Local 103, I.B.E.W. since on or about September 4, 2001, including

to the agreement effective from September 1, 2003 through August 31 2006 ("Agreement"). A copy of the relevant portions of the 2000-2003 Agreement is attached to the Complaint as Exhibit A.

    3.    The Agreement obligates Thibault to contribute to Plaintiff Funds for every hour worked by its covered employees. Payments must be made by the 15th of the month following the month in which the work is performed.

    4.    Pursuant to the terms of the Agreement, Thibault is also obligated to submit, with the fringe benefit contributions, the dues that it has deducted from its employees' wages. These payments must be submitted with payroll reports, listing the names of the covered employees, the hours worked and the amounts paid.

    5.    Based on Remittance Reports submitted by Thibault, Thibault owes the Funds $48,846.62 in delinquent contributions for the period July through October, 2003. It may also owe contributions for the period November, 2003 to the present but has submitted no reports indicating the amounts owed, if any.

    6.    The Remittance Reports also establish that Thibault owes I.B.E.W. Local 103 $2,649.60 in dues for the period July through October, 2003. Thibault deducted these dues directly from employees' wages and did not forward them to the Union.

    7.    Pursuant to the terms of the Agreement, the Trust Agreements, and Section 4.05 of the Funds' Collection Policy, Thibault also owes interest at the per month rate of 1.5% of the delinquent contributions. A copy of the Funds' Collection Policy is attached hereto as Exhibit 1.

    8.    If all of its delinquent contributions were paid by July 3., 2004, Thibault would owe interest in the amount of $7,846.59.

2

9.      Further, Thibault owes interest on late-paid contributions in the amount of $496.99. Thus, Thibault owes a total of $8,343.58 in interest on unpaid and late-paid contributions.

10.     Section 4.05 of the Funds' Collection Policy also states that the delinquent employer is to be liable for all costs of collection, including attorneys' fees.

11.     Under Section 4.06 of the Funds' Collection Policy, Thibault must pay as liquidated damages an assessment equal to the amount of the outstanding delinquent contributions owed as of December 1, 2003 multiplied by the percentage used to allocate net investment income to individual accounts under the Electrical Workers Deferred Income Fund for the year ending on November 30. The current percentage is 7.768%.

12.     Thus, Thibault owes liquidated damages in the amount of $3,794.41.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22 DAY OF JULY, 2004.

Russell Sheehan

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon Thibault Controls, LLC c/o John Leboe, Esquire at 6 Loudon Road, Concord, NH 03110 this 22 day of July, 2004.

Gregory A. Geiman, Esquire

ARS/gag&ts
3013 03-284/affsheehan2.doc

3